FILED
APR 26 2018
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. : Criminal Case No. 1:17-CR-00110 (CRC)
:
:
KUI BO, :
Defendant. :

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

I. Summary of the Plea Agreement

Kui Bo agrees to admit guilt and enter a plea of guilty to Count One of the Indictment, which charges him with Conspiracy to Commit Theft of Trade Secrets. 18 U.S.C. § 1832.

Elements of the Offense

The essential elements of the offense of Conspiracy to Commit Theft of Trade Secrets, in violation of 18 U.S.C. § 1832, each of which the government must prove beyond a reasonable doubt, are:

1. That an agreement existed between two or more persons to commit the crime of theft of trade secrets;

2. That the defendant intentionally joined in that agreement;

3. That the defendant knew the purpose of the agreement was to steal and transmit trade secrets without authorization to do so; and

4. That one or more members of the conspiracy do any act to effect the object of the conspiracy.

The essential elements of the underlying offense of Theft of Trade Secrets, in violation of 18 U.S.C. § 1832, are:

1. That one or more of the defendants transmitted information from Company A, as alleged in the Indictment;

2. The transmitted information was a trade secret; and

3. The defendant knew the information was proprietary.

III. Brief Statement of the Facts

The following statement of facts does not purport to include all of the defendant's illegal conduct during the course of the conspiracy. Nor does it purport to be an inclusive recitation of all that the defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his co-conspirators. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

The government's evidence includes, but is not limited to, the following:

Kui Bo is a Canadian citizen with a pending application for legal permanent resident status in the United States. Bo is a former employee of Texas Instruments who was hired by co-defendant Shan Shi and who worked for CBMI from approximately April 2014 through May 2017. During his tenure, Bo served in a variety of roles at the company. While employed at Texas Instruments, Bo became aware of export compliance requirements and the protection of trade secrets.

As vice president of CBMI, Bo understood CBMI's goal of developing syntactic foam technology. Among other steps taken to achieve this goal, Shi sought to hire an individual to develop the technology at a cost of at least $3 million, and Bo was tasked to assist with this plan. This plan was subsequently abandoned when the individual sought more money. Bo, at Shi's direction, then worked with a recruiter to identify people who had worked or then were working

for companies including Company A, a major producer of syntactic foam, to help CBMI develop a research and development workshop in Houston. Bo was involved in recruiting and hiring co-defendant Samuel Ogoe. During the process of hiring Ogoe, Bo received the general release and settlement between Ogoe and Company A, in which Ogoe had acknowledged that he would not reveal confidential or trade secret information.

On March 20, 2015, Ogoe emailed Bo, co-defendant Shan Shi, and another person at CBMI documents that contained summarized versions of the contents of Trade Secret 3. Bo understood that this information came from Company A, and further understood that, at the time, CBMI did not have the resources to create such information itself. Bo forwarded the contents of this email to co-defendant Huang Hui [Huang] on March 21, 2015 and exchanged further emails related to Trade Secret 3 on March 26, 2015. Trade Secret 3 was the Standard Operating Procedures ("SOP") for Hydrostatic Pressure Testing. Company A's SOP for hydrostatic testing, a necessary quality control measure, was a trade secret.

Bo was also involved in the hiring of co-defendant Gang Liu. Among other things, Bo provided Liu's resume to Shi and asked if Shi was interested in hiring him. Bo understood that Liu was hired in part because Liu had some technical data that belonged to Company A. On May 8, 2015, co-defendant Gang Liu emailed Trade Secret 6 to Bo, Shi, and Huang. Bo was aware that this data, as well as other data which Liu sent to Shi, came from Company A and represented trade secrets of Company A. Trade Secret 6 was a document containing the cost for a newly-developed formula related to syntactic foam. Access to this information was password protected and restricted to a small number of Company A employees.

Bo received a salary at CBMI of approximately $140,000 per year.

                            Respectfully Submitted

                            Jessie K. Liu
                            United States Attorney

BY:    _____
                            Jeffrey Pearlman
                            Michael J. Romano
                            Assistant United States Attorneys

DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer, understand it, and agree that it is true and accurate. While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity as well as the activities of some of my co-conspirators. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 4/26/2018

_____
Kui Bo

ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this factual proffer, reviewed them with my client, and discussed it with my client.

Date: 4/26/18

_____
~~Pleasant Broadnax, Esquire~~
Counsel for Defendant